John F. Paine  
vs.        Eq. No. 11951.  
Helen Von Epler Paine

June 24, 1933.

WALSH, J.  Heard on bill, answer and proof.

This is a bill of complaint brought by John F. Paine, husband, against Helen Von Epler Paine, wife, alleging, in substance, that on June 9, 1928, complainant as mortgagee foreclosed a mortgage on the real estate, equipment and personal property of Sam-O-Set Laundry, Inc., located on Pleasant Street in the City of Providence; that complainant by mortgagee's deed conveyed all the property purchased by him at the foreclosure sale aforesaid to Everett L. Walling, his attorney, as a matter of convenience; that later, the complainant directed the transfer of the real estate to his wife on the express understanding that it was to be re-conveyed to complainant whenever he so directed; that in 1930 the laundry business was re-organized and all the shares in the new corporation

were issued in the name of respondent as a matter of convenience; that the complainant had received from the estates of his father and mother furniture, paintings, silverware, jewelry and other personal property which were used by both complainant and respondent while living together as man and wife; that respondent, after obtaining possession of the real estate, stock, and personal property above mentioned, drove the complainant from his home, refused him the right to enter the laundry property or participate in the affairs of the laundry corporation, refused, though requested, to reconvey said real estate or to transfer the stock to him and refused to return the personal property above set forth.

The respondent's answer, in substance, denies all the material allegations in the bill and sets up that these transfers were made to her for valuable considerations; that she expended large sums of her own funds in acquiring and protecting the property conveyed or given to her, and that she has expended large sums of her own funds to the payment of the individual debts of the complainant.

There is no question but that complainant received large sums from the estates of his grandfather, father and mother while living with the respondent and there is some evidence that the respondent received some money from her mother during this period. The complainant did not keep any books; the respondent carefully preserved all records showing expenditures which might be chargeable to complainant. The weight of the evidence is to the effect that the house at East Greenwich, the trust fund, the real estate and equipment of the laundry were purchased out of the bequests to complainant. The testimony of Everett L. Walling, Esq., convinces us that the story told by complainant as to the understanding existing between the parties at the time the transfer was made to the respondent repre-

sents the true situation. When respondent took the title to the real estate and stock of the laundry corporation, she placed an obligation on her conscience to re-convey the same to her husband when he directed her so to do. She has converted it to her own use and in violation of the obligation of conscience, she has refused to return it to complainant. We hold, therefore, that she retains the real estate, equipment, shares of stock and other personal property located at 9 Pleasant Street in the City of Providence and used in the conduct of a laundry business as constructive trustee for complainant.

"A constructive trust arising in equity is not affected by the Statute of Frauds nor the statute of wills. In taking property in such circumstances a grantee, devisee or donee has placed an obligation on his conscience. If in disregard of that conscientious obligation such grantee, devisee or donee converts the property to his own use, he does it in fraud and it is upon such fraud and not upon his original agreement that equity bases the constructive trust."

*Rosati* vs. *Rossi*, 47 R. I. 493.

We now come to the question of the ownership of the household furniture, paintings, silverware, jewelry, etc. The evidence on this point consists, mainly, in a flat contradiction between complainant and respondent. After observing the parties on the witness stand, we are forced to conclude that the respondent's testimony was not convincing. The furniture and jewelry involved here were of the Paine family and were bequeathed to the complainant. The respondent had the use of both with her husband's consent while the parties were living together. It is significant that there is no bill of sale of either to the respondent. She was extremely careful to have legal documents showing title in her in all other transactions between herself and her husband. The

fact that her husband allowed her to insure this personal property in her own name and to collect the check for the fire loss upon the same is but another instance of the absolute confidence this complainant had in the respondent at the time. This harmonious relationship between husband and wife existed up to January 4, 1931, as is evidenced by the letter of respondent to complainant (Complnt's Exs. U and V). We are inclined to believe the complainant that trouble between himself and his wife arose late in 1931 over the presence of Mr. Agnas in his home as a house guest.

We, therefore, find that the respondent now holds the real estate at number 9 Pleasant Street in the City of Providence, the personal property and equipment in said laundry, and the stock of the laundry corporation standing in her name, as trustee for complainant and order the re-conveyance of said real estate and the transfer of said stock and said personal property to complainant. We further find that the household furniture and jewelry mentioned in the bill are the property of said John F. Paine and order the delivery of the same to the complainant. We find no laches in the prosecution of his claim by complainant. We think that the transfer of the Pleasant Street real estate should be subject to the mortgage for $9,000 now upon said property but we do not think that Mrs. Paine is entitled to any re-imbursement for moneys alleged to have been spent by her beyond the amount of said mortgage. We have been asked by complainant to decree that the respondent restore the terms of an original trust agreement involving the real estate standing in the name of respondent and situate at Cowesett, Rhode Island, and the $50,000 trust fund, so-called, but we feel that we cannot determine the rights of the parties therein in the present hearing because no claim relating thereto has been recited in the bill and the complainant expressly waived his right to the investigation thereof in the present hearing.

A decree may be presented in accordance with this rescript.

For complainant: McLyman & Day.

For respondent: Hinckley, Allen, Tillinghast, Phillips & Wheeler.